BALL *v.* WHITE.

1. LIBEL AND SLANDER—QUALIFIED PRIVILEGE—MALICE.

Plaintiff must prove malice in order to recover for libel, where the letter complained of was accorded qualified privilege.

2. SAME—MALICE—CONTENTS OF LETTER.

Malice can be found within the contents of the libelous communication, and from the surrounding circumstances, where it must be proven by plaintiff because the alleged libel is accorded qualified privilege.

3. SAME—MALICE—EVIDENCE—LACK OF INVESTIGATION.

Jury could reasonably find malice from the contents of the letter accusing plaintiffs of theft and from the lack of any investigation by defendant prior to its issuance, where defendant volunteered to write a letter to plaintiff accusing plaintiff remodeling contractor or his employees of theft of articles from the house of defendant's friend, upon which house plaintiff employees had done some work.

4. SAME—OBJECT OF LIBEL—DAMAGES.

Plaintiffs must show that they were the objects of the libel in order to recover damages.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 33 Am Jur, Libel and Slander §§ 111, 113.
[2] 33 Am Jur, Libel and Slander §§ 111, 113, 265, 272.
[3] 33 Am Jur, Libel and Slander §§ 11, 12, 31, 111, 113, 265, 272.
[4] 33 Am Jur, Libel and Slander §§ 89, 191.
[5] 33 Am Jur, Libel and Slander § 192.
[6] 33 Am Jur, Libel and Slander § 89.
[7] 33 Am Jur, Libel and Slander § 90.
[8] 33 Am Jur, Libel and Slander § 108.

5. Same—Object of Libel—Small Group.
    The finger of defamation is pointed at each individual member when a small group has been libeled.

6. Same—Directed Verdict—Identity.
    Denial of directed verdict for defendant in libel action based upon defendant's contention that plaintiffs were not the objects of the libel *held*, proper, since plaintiffs' identities were readily ascertainable from the contents of the libelous letter.

7. Same—Publication.
    Publication exists by the delivery of defamatory matter to any person other than the one libeled.

8. Same—Publication—Delivery to Employer of Plaintiffs.
    Delivery of letter to contractor accusing his organization of theft of personal property from a house on which it did some work *held*, to constitute publication of the libel as to the employees.

Appeal from Newaygo; Van Domelen (Harold), J. Submitted Division 3 March 8, 1966, at Grand Rapids. (Docket No. 742.) Decided June 28, 1966.

Complaint by William Ball, Marvin Thompson, Lewis Buchner, David Gotts, Leonard Vincent, by his next friend, Luke Vincent, and Thomas Gotts, by his next friend, David Gotts, for libel against Charles O. White. Claim of plaintiff William Ball was dismissed on summary judgment. Judgment for all other plaintiffs. Defendant appeals. Affirmed.

*Stribley & Rude* (*Arthur M. Rude*, of counsel), for plaintiffs.

*Reber & Reber* (*Harry O. Reber Jr.* of counsel), for defendant.

J. H. Gillis, J. This is a libel action based on the following letter:

"The White Agency

Insurance Consultants
204 West Main Street
Fremont, Michigan
Our Ninety First Year
June 26, 1964

"Mr. William Ball
Hesperia
Michigan

"Dear Mr. Ball:

"Mr. and Mrs. Matt Rynberg are old and valued friends of mine and my family. In talking to her today I learned that you recently contracted and did some work for them. During the course of this work someone in your organization took Mrs. Rynberg's watch, some of her clothing and even some of the groceries. They of course are not certain of the exact individual but there is no question about the disappearance occurring through some of your workmen. I think Mrs. Rynberg is more particularly concerned about the watch because of sentiment as much as the value and she would like it returned. Since you are the contractor you would be responsible for restitution in this case. The Rynberg's are very gentle, kind people who we think a lot of and I am not only willing but anxious to help them in any respect that I can. To that end it would be my suggestion that you see Mrs. Rynberg conveniently soon and make some satisfactory disposition with this matter with her.

"In the event this is not given the attention it deserves and satisfactory restitution made, I will assist them in every way possible to see that the necessary legal steps are taken to enforce it.

"Yours very truly,
"Charles O. White

"COW:jmb"

Plaintiff Ball, through his attorney, by letter dated July 27, 1964, demanded a retraction from defend-

ant White, and a retraction was written and sent by the defendant on August 14, 1964.

Prior to trial a summary judgment was granted dismissing the claim of plaintiff William Ball when the court ruled that the letter of June 26, 1964, did not "constitute a publication in regard to William Ball." The remaining plaintiffs were employees of Ball who had worked at Mr. and Mrs. Matt Rynberg's home at the time of the alleged theft. The trial court held that a qualified privilege[1] existed in the transmission of this letter to Mr. Ball and the plaintiffs have not challenged this finding on appeal.

The jury awarded general damages of $300 to each plaintiff, except Marvin Thompson who was awarded $500, and punitive damages of $200 for each plaintiff.

On appeal defendant contends:

(1) There was no evidence of malice involved in the writing and transmission of the letter to plaintiff Ball.

(2) The letter did not specifically point out and refer to the plaintiffs and, therefore, as individual members of a group they cannot maintain this action.

(3) There was no publication of this letter by the mere transmission of the letter to plaintiffs' employer.

(4) The award of both general and punitive damages was improper.

Since the letter in question was accorded qualified privilege, it was necessary for the plaintiffs to prove malice in order to recover for libel. Malice, however, can be found within the contents of the letter and from the surrounding circumstances. *Zanley* v. *Hyde* (1919), 208 Mich 96. The record shows that

---

[1] See *Mundy* v. *Hoard* (1921), 216 Mich 478, for a dissertation on absolute privilege, qualified privilege and allied matters pertaining to the law of libel.

Mrs. Rynberg went to see Mr. White on a matter
not related to this case and while there had a dis-
cussion concerning the loss of the articles mentioned
in the letter and a query was made as to whether
the insurance covered such loss. Mr. White in-
formed Mrs. Rynberg that the insurance she held did
not cover this loss. Mrs. Rynberg advised Mr.
White that the house from which the articles were
taken was left unlocked and unoccupied for several
days while the plaintiffs were remodeling the house.
She testified that she did not suspect nor accuse
the plaintiffs of taking her property. She did, how-
ever, admit that the letter in question was written
in her presence and was read by her before it was
mailed.

The defendant made an accusation of theft with-
out any investigation whatsoever. In *Mundy* v.
*Hoard* (1921), 216 Mich 478, 494, the Court stated:

"The good faith of the defendant, and whether
he made proper inquiry and investigation, or
whether he spoke recklessly and with express malice,
are questions for the jury to answer under proper
instructions."

The jury could reasonably find malice from the con-
tents of the letter and the lack of investigation by
defendant prior to its issuance.

After malice has been shown it is incumbent upon
the plaintiffs to show that they were the objects
of the libel. Here the libel was directed at one
or more of those employees working at the Rynberg
home. When a small group, such as these em-
ployees, has been libeled, "the courts have been will-
ing to permit the conclusion that the finger of defa-
mation is pointed at each individual member." Pros-
ser, Torts (2d ed), Defamation, § 92, pp 583, 584.
See, also, *Welch* v. *Tribune Publishing Co.* (1890),
83 Mich 661 (11 LRA 233, 21 Am St Rep 629).

Since the plaintiffs' identities were readily ascertainable from the content of the letter, the trial court properly denied defendant's motion for directed verdict[2] made at the conclusion of plaintiffs' case.

Defendant further contended that there was no publication of the letter to a third party. However, the transmission of the letter to the employer, Mr. Ball, was a publication. All that is necessary for a publication to exist is the delivery of the defamatory matter to any person other than the one libeled. Our Supreme Court has held that:

"If a person compose a libel and send it to his agent, to be read by him, and it reaches its destination and is read by such agent, it is sufficient publication to support the action." *Bacon* v. *Michigan C. R. Co.* (1884), 55 Mich 224, 228 (54 Am Rep 372).

Defendant's final contention that the award of both general and punitive damages was improper is without merit. See Justice O'HARA's opinion in *Sias* v. *General Motors Corp.* (1964), 372 Mich 550, 551, 552.

Affirmed. Costs to appellees.

FITZGERALD, P. J., and BURNS, J., concurred.

---

[2] This oral motion was called a motion for summary judgment by defense counsel but he obviously meant it to be a motion for directed verdict pursuant to GCR 1963, 515.