VAN DUZER *v.* BOURISSEAU

1. Libel and Slander—Limitation of Actions—Tolling.

Accelerated judgment in plaintiff's action for libel was properly denied where plaintiff tolled the statute of limitations by filing his complaint and placing a copy of the summons and complaint, in good faith, in the hands of the sheriff for immediate service, before the one-year period following publication had expired.

2. Libel and Slander—Damages—Retraction—Notice—Reasonable Time—Question of Fact.

Damages in a libel action are restricted to actual damages, unless the plaintiff, before instituting the action, gives notice to the defendant to publish a retraction and allows a reasonable time to do so; whether a four-day period was a reasonable time for retraction of a libelous letter was a question of fact for the jury and, it was improper for the trial court to dismiss plaintiff's claim for punitive and exemplary damages on its own determination that a reasonable time for retraction was not allowed (MCLA § 600.2911[2]).

Appeal from Ingham, Richard Robinson, J., presiding. Submitted Division 2 May 6, 1970, at Lansing. (Docket No. 6,115.) Decided May 25, 1970.

Complaint by William Van Duzer against Francis K. Bourisseau and Raymond Hotchkiss for libel. Demand for punitive and exemplary damages dismissed, and defendant Bourisseau's motion for ac-

References for Points in Headnotes

[1] 50 Am Jur 2d, Libel and Slander §§ 390–395.
[2] 50 Am Jur 2d, Libel and Slander §§ 186–191, 349–382.

celerated judgment denied.  Plaintiff appeals and defendant Bourisseau cross-appeals.  Affirmed in part and reversed in part.

*William Van Duzer, in propria persona.*

*Eugene Christman,* for defendant Bourisseau.

Before:  T. M. BURNS, P. J., and QUINN and ROBERTS,* JJ.

QUINN, J.  Plaintiff appeals from the trial court order dismissing his claim for punitive and exemplary damages in this libel action.  Defendant Bourisseau cross-appeals from the trial court's denial of his motion for accelerated judgment founded on the claim that plaintiff's action was barred by the statute of limitations.

Plaintiff alleged he was libeled by a letter dated June 21, 1966, from defendant Bourisseau to defendant Hotchkiss.  At the time, defendant Bourisseau was probate Judge of Mason County, Michigan, and plaintiff and defendant Hotchkiss were candidates for probate judge of Ingham County.  The letter was sent through the United States mail from Ludington to Lansing.  Aside from the general allegation that the letter was subsequently published and republished in Ingham County, there is no allegation establishing the time of publication.

June 16, 1967, plaintiff telegraphed a request to defendant Bourisseau for a retraction of the libelous remarks in the letter of June 21, 1966.  Plaintiff further requested that the retraction occur prior to June 20, 1967 and that it be in the form required by statute.  By letter dated June 16, 1967, plaintiff made a similar request and this letter is stamped

---

* Circuit Judge, sitting on the Court of Appeals by assignment.

filed in Mason County probate court June 19, 1967 over the signature of defendant Bourisseau.

No retraction occurred. Plaintiff filed this action June 20, 1967, and the same day, he delivered copies of the complaint and summons to a deputy sheriff of Ingham County for service on defendant Bourisseau. June 21, 1967, the Mason County sheriff received the complaint and summons for service on defendant Bourisseau.

The period of limitation for an action of libel is one year, MCLA § 600.5805(6) (Stat Ann 1962 Rev § 27A.5805[6]). Statutes of limitation are tolled when the complaint is filed and a copy of the summons and complaint in good faith are placed in the hands of an officer for immediate service, MCLA § 600.5856(3) (Stat Ann 1962 Rev § 27A.5856[3]). Plaintiff's action arose when defendant Bourisseau's letter of June 21, 1966 was published. Publication occurred when the letter was delivered to defendant Hotchkiss, *Ball* v. *White* (1966), 3 Mich App 579. Although the specific date of delivery is not shown, that date was sometime after June 21, 1966, and the statute of limitations was tolled June 21, 1967. The trial court was correct in denying defendant Bourisseau's motion for an accelerated judgment.

Damages in a libel action are restricted to actual damages, unless the plaintiff, before instituting the action, "gives notice to the defendant to publish a retraction and allows a reasonable time to do so," MCLA § 600.2911(2) (Stat Ann 1962 Rev § 27A.2911[2]). Whether the period of time from June 16, 1967 to June 20, 1967 is the allowance of a reasonable time for retraction is a question of fact. *Lawrence* v. *Herald Publishing Co.* (1909), 158 Mich 459, 465. Plaintiff had demanded a jury trial, and it was improper for the trial court to dismiss the claim for punitive and exemplary damages on its

determination that a reasonable time for retraction was not allowed.

Affirmed in part and reversed in part and remanded for further proceedings with costs to plaintiff.

All concurred.