443 So.2d 1085 (1984)
SOUTHERN BELL TELEPHONE & TELEGRAPH COMPANY and Kevin Dowling, Appellants,
v.
Dwight BARNES, Appellee.
No. 83-1593.
District Court of Appeal of Florida, Third District.
January 24, 1984.
*1086 Shutts & Bowen and John T. Kolinski and Sally M. Richardson, Miami, for appellants.
duFresne & Bradley and Amy Lehman and Elizabeth duFresne, Miami, for appellee.
Before BARKDULL, BASKIN and FERGUSON, JJ.
PER CURIAM.
We find that publication of slander can occur in intra-corporation communications. See: Glynn v. City of Kissimmee, 383 So.2d 774 (Fla. 5th DCA 1980); Drennen v. Westinghouse Electric Corporation, 328 So.2d 52 (Fla. 1st DCA 1976); Arison Shipping Company v. Smith, 311 So.2d 739 (Fla. 3d DCA 1975); Restatement 2d of Torts, § 596. We do not read Pledger v. Burnup & Sims, Inc., 432 So.2d 1323 (Fla. 4th DCA 1983) to prohibit such a finding. We also find no error in this case in submitting the question of qualified privilege to a jury. Hartley & Parker, Inc. v. Copeland, 51 So.2d 789 (Fla. 1951); Abraham v. Baldwin, 52 Fla. 151, 42 So. 591 (1906); Riggs v. Cain, 406 So.2d 1202 (Fla. 3th DCA 1981); Lewis v. Evans, 406 So.2d 489 (Fla. 2d DCA 1981).
Therefore the final judgment on the jury verdict be and the same is hereby affirmed.
Affirmed.