**Rubin H. BRANTLEY, Plaintiff,**

v.

**ZANTOP INTERNATIONAL AIRLINES, INC., Defendant.**

**Civ. A. No. 85CV–60070–AA.**

United States District Court,
E.D. Michigan, S.D.

Sept. 26, 1985.

Rubin H. Brantley, pro se.

Robert M. Vercruysse and Daniel B. Tukel, Butzel, Long, Gust, Klein & Van Zile, Detroit, Mich., for defendant.

## MEMORANDUM OPINION AND ORDER

JOINER, District Judge.

This is an employment discrimination case brought by plaintiff Rubin Brantley against Zantop International Airlines, his former employer. The second amended complaint states that plaintiff was hired by Zantop in September, 1979, and promoted to the position of flight engineer trainee in April, 1983. Plaintiff's problems with Zantop allegedly began with a performance evaluation report prepared by three Zantop employees named Weir, Cole and Tucker. The report stated that plaintiff reported for work under the influence of alcohol, and called him "unreliable." Weir and Tucker showed the report to Harold Zantop, vice president in charge of personnel at Zantop, on or around March 9, 1984. On March 13, 1984, plaintiff was demoted, and on March 22, 1984, plaintiff's employment was terminated. Plaintiff strenuously denies that he was ever drunk or unreliable at work, and claims that he was the victim of racial discrimination.

The case comes before the court on defendant's motion to dismiss Count IV of the complaint. Count IV alleges that the report prepared by Weir, Cole and Tucker libeled plaintiff. It demands judgment against defendant "in the amount of $750,-000.00 including exemplary damages and punitive damages in the amount of $1,500,-000.00."

Defendant first urges this court to dismiss Count IV for failure to state a claim of libel. Defendant contends that plaintiff has failed to allege the requisite element of publication. It relies on the law of such states as Alabama and Oklahoma for the proposition that communication of libel among agents of a single corporation does not constitute publication of that libel. *See, e.g., United States Steel Corp. v. Darby,* 516 F.2d 961, 963–64 (5th Cir.1975) (interpreting Alabama law); *M.F. Patterson Dental Supply Co. v. Wadley,* 401 F.2d 167, 171 (10th Cir.1968) (interpreting Oklahoma law).

The Supreme Court of Michigan, however, has clearly held that intra-corporate communication can constitute the publication of libel. In *Bacon v. Michigan Cent. R.R. Co.,* 55 Mich. 224, 21 N.W. 324 (1884), plaintiff sued his former employer for libel. The railroad had included plaintiff on its list of discharged employees, and indicated that plaintiff had been discharged for steal-

ing. The railroad then sent the list to its twenty-nine department heads located in Michigan, Indiana and Illinois. The Michigan Supreme Court stated:

> But the argument is and the circuit judge so held, that the transmission of the libel from the superintendent to the twenty-nine heads of department in Michigan, Indiana and Illinois was only passing the libel from one agent of defendant to another agent of defendant, and it had never reached the hands or knowledge of a third person, but in fact remained in the possession of the composer.

> This argument is wholly untenable. If a person compose a libel and send it to his agent, to be read by him, and it reaches its destination and is read by such agent, it is a sufficient publication to support the action. There are in this country railroad and telegraph corporations whose lines extend through many states and who employ many thousand agents. There are a great number of insurance companies employing agencies in several states. Can it be possible that these corporations possess an immunity to defame any person by sending such libel to every agent in their employment? Why should they possess this immunity more than an individual employing a large number of agents? Why should it be held a publication in one case and not in the other? In my opinion every agent to whom this discharge list was delivered was a third person respecting this corporation and the plaintiff, and it constituted a publication of the libel.

55 Mich. at 228–29. *See also Sias v. General Motors Corp.*, 372 Mich. 542, 548, 127 N.W.2d 357 (1964) (finding publication of libel when company management called in plaintiff's fellow employees to explain that plaintiff had been discharged for theft); *Ball v. White*, 3 Mich.App. 579, 584, 143 N.W.2d 188 (1966) (citing *Bacon* for the proposition that "[a]ll that is necessary for a publication to exist is the delivery of the defamatory matter to any person other than the one libeled.").

■ The foregoing discussion reveals that Michigan law considers intra-corporate communication of libel to be publication of that libel. Therefore, defendant's motion to dismiss Count IV. for failure to state a claim must be denied.

Defendant next urges this court to dismiss plaintiff's request for punitive damages in Count IV, arguing that Michigan law does not permit an award of such damages. The relevant provisions are found in the Michigan libel statute, Mich.Comp. Laws Ann. § 600.2911(2) (West 1968):

> (2) **Libel or slander; damages, actual, exemplary, retraction.** (a) Except as provided in (b), in actions based on libel or slander the plaintiff is entitled to recover only for the actual damages which he has suffered in respect to his property, business, trade, profession, occupation, or feelings.

> (b) Exemplary and punitive damages shall not be recovered in actions for libel unless the plaintiff, before instituting his action gives notice to the defendant to publish a retraction and allows a reasonable time to do so, and proof of the publication or correction shall be admissible in evidence under a denial on the question of the good faith of the defendant, and in mitigation and reduction of exemplary or punitive damages. The retraction shall be published in the same size type, in the same editions and as far as practicable, in substantially the same position as the original libel.

At the oral hearing on defendant's motion, plaintiff claimed that § 600.2911(2)(b) entitles him to punitive damages, because he demanded a retraction of the alleged libel before instituting the present lawsuit. Defendant admits, for purposes of its motion, that it received a letter from plaintiff demanding the retraction. However, defendant denies that plaintiff's demand entitles him to punitive damages.

■ Defendant cites a recent Michigan Supreme Court opinion interpreting the "exemplary and punitive damage" language of § 600.2911(2). In *Peisner v. Detroit Free Press, Inc.*, the court stated:

At first blush the use of the terms "exemplary and punitive" suggests a legislative intent to permit an award of damages—in addition to actual damages—for the purposes either of punishing (*i.e.*, specifically deterring) defendant or of making an example of defendant for the benefit of other potential purveyors of libel (*i.e.*, generally deterring). The history of that provision and the Michigan cases interpreting it, however, reveal that not to be the case.

Even before the original version of our libel statute was enacted, this Court had established the principle that "vindictive or exemplary" damages for libel are merely a species of "actual" (*i.e.*, compensatory) damages awarded to compensate plaintiff for the increased injury to feelings directly attributable to defendant's *fault* in publishing the libel ...

. . . .

Notwithstanding the separate treatment of "actual" injury-to-feelings damages and "exemplary or punitive damages" in the statute, this Court continued to interpret the terms "exemplary or punitive" as referring to damages intended solely to *compensate* plaintiff for the increase in injury to feelings attributable to defendant's fault (or malice, in the common-law sense) in publishing the libel. . . .

Because the Legislature, cognizant of this longstanding judicial gloss limiting exemplary and punitive damages to a compensatory role, has on several occasions through the years reenacted the libel statute without change, we conclude the Legislature intended that any award of "exemplary and punitive" damages comport with the established common-law gloss on those terms.

421 Mich. 125 at 130–33, 364 N.W.2d 600 (1984) (citations omitted; emphasis in original). Therefore, Michigan law does not permit a plaintiff to recover damages for the purpose of punishing the defendant. ■ Defendant further argues that § 600.2911(2)(b) refers only to media defendants, and thus is inapplicable to the present case. It notes that the statute allows exemplary and punitive damages only when plaintiff has demanded a retraction from defendant, and then provides that "[t]he retraction shall be published *in the same size type, in the same editions* and as far as practicable, in substantially the same position as the original libel" (emphasis added). This language certainly appears to apply to a media, rather than to a corporate, defendant.

Defendant's position is bolstered by a review of the earlier versions of the Michigan libel statute. The early statutes are clearly directed to a newspaper defendant. For example, the 1885 libel statute provided:

SECTION 1. The People of the State of Michigan enact, *In any suits brought for the publication of a libel in any newspaper* in this State the plaintiff shall recover only actual damages if it shall appear that the publication was made in good faith and did not involve a criminal charge, and its falsity was due to mistake or misapprehension of the facts, and that *in the next regular issue of said newspaper* after such mistake or misapprehension was brought to the knowledge of the publisher or publishers, whether before or after suit brought, a correction was published in as conspicuous a manner and place *in said newspaper* as was the article sued on as libelous.

SECTION 2. In any action or suit for the publication of a libel in any newspaper in this State, the plaintiff shall not be entitled to recover, in addition to actual damages, any greater sum than five thousand dollars.

SECTION 3. The words "actual damages" in the foregoing section shall be construed to include all damages the plaintiff may show he has suffered in respect to his property, business, trade, profession or occupation, and not other damages.

1885 Mich.Pub.Acts 233 (emphasis added and deleted).

The 1895 libel statute closely resembles the current version, with minor variations in the wording that perhaps make it clearer that the statute addresses a media defendant:

SECTION 1. The People of the State of Michigan enact, That in suits brought for the recovery of damages for libel or slander in this State, the plaintiff shall be entitled to recover only such actual damages as he may have suffered in respect to his property, business, trade, profession, occupation or feelings.

. . . .

SECTION 3. No exemplary or punitive damages shall be recovered unless the plaintiff shall before bringing suit give notice by mail or otherwise to the defendant to publish a retraction of the libel, and allow the defendant a reasonable time in which to publish such retraction, and make such amends as are reasonable and possible under the circumstances of the case; and proof of the publication or correction shall be admissible in evidence under the general issue on the question of the good faith of the defendant, and in mitigation and reduction of exemplary or punitive damages: Provided That the retraction shall be *published in the same type and in the same editions of the paper* as the original libel, and so far as practicable in the same position.

1895 Mich.Pub.Acts 216 (emphasis added and deleted).

The early versions of the Michigan libel statute reveal that the language of the current statute was taken from a particular context. That context was a suit by a plaintiff against a newspaper that had allegedly libeled him. The current statute retains enough of the original wording to indicate that its exemplary and punitive damage provisions continue to apply only to media defendants.

For the foregoing reasons, defendant's motion to dismiss Count IV in its entirety is denied. However, defendant's motion to dismiss the Count IV demand for exemplary and punitive damages [1] is granted.

SO ORDERED.

---

1. Although plaintiff demands "exemplary damages and punitive damages" in Count IV of the complaint, defendant moves to dismiss the punitive damages request without mentioning the exemplary damages request. This court, however, will interpret defendant's motion to apply to both of plaintiff's requests. The Michigan Supreme Court has found the words "exemplary" and "punitive," as used in the libel statute, to be interchangeable terms that both denote punitive damages. *See Peisner, supra,* 421 Mich. at 133 n. 9, 364 N.W.2d 600.