**Daniel I. BALS, Appellant (Defendant Below),**

v.

**Albert VERDUZCO, Appellee (Plaintiff Below).**

No. 64A03–9006–CV–218.

Court of Appeals of Indiana, Third District.

Dec. 19, 1990.

Richard A. Miller, Gouveia & Miller, Merrillville, for appellant.

Gregory R. Lyman, Terence M. Austgen, Singleton, Levy & Crist, Munster, for appellee.

STATON, Judge.

Daniel Bals appeals the judgment upon a defamation action brought by him against his former supervisor, Albert Verduzco. He presents us with the sole issue of whether the trial court erred in granting Verduzco's request for judgment on the evidence.

Affirmed.

On January 4, 1982, Bals became an associate engineer at Inland Steel in East Chicago, Indiana. Seven months later, he was promoted to the position of turn foreman. This promotion placed him under the direct supervision of Verduzco.

In May, 1983 Verduzco was required, as part of a company wide evaluation program, to compile a report concerning Bals' job performance. In January, 1984 a second report was provided to Verduzco's supervisors, Paul Arsenault and Joe Santini. Following this report, some meetings took place between these supervisors and Bals to discuss Bals' job performance. In March, 1984, a third evaluation was generated. Three days later, Bals' employment with Inland Steel was terminated.

Bals filed a complaint against Verduzco on July 10, 1984, alleging defamation and tortious interference with an employment relationship. Summary Judgment was granted in favor of Verduzco as to the latter cause of action. Trial on the issue of defamation began on December 4, 1989. At the conclusion of Bals' case in chief, Verduzco successfully moved for judgment on the evidence. The trial court determined that Verduzco's tendering of employee evaluation reports to his superiors at their behest did not constitute a publication necessary to sustain a defamation action. The court stated that there was no evidence presented that the reports were circulated outside Inland Steel.

Bals' motion to correct errors was denied, and this appeal ensued.

Bals contends that he was not required to prove that Verduzco published the evaluations to someone outside of Inland Steel. He admits that Verduzco acted under a qualified privilege in transmitting the evaluations, but argues that this privilege was lost by Verduzco's failure to act in good faith. He points to various claimed errors in the evaluations and asserts that Verduzco made statements which he did not believe to be true or reasonably should not have believed to be true based upon the facts available to him.

Verduzco responds that Bals failed to establish any of the essential elements of the tort of defamation, i.e., defamatory imputation, malice, publication and damages. *Shallenberger v. Scoggins-Tomlinson, Inc.* (1982), Ind.App., 439 N.E.2d 699, 704. He asserts that the information contained in the employee evaluations merely compared Bals' performance to Inland Steel standards, and could not reasonably be construed as defamatory. He contends that Bals failed to show publication to a third party or the existence of malice sufficient to overcome a qualified privilege. Finally, he asserts that Bals failed to establish special damages as a result of the reports. He notes that the judgment of the trial court must be affirmed if it is sustainable on any legal theory which the record supports. *Picadilly v. Colvin* (1988), Ind., 519 N.E.2d 1217, 1221.

At trial, Bals presented the testimony of himself, Verduzco and two Inland employees. Various production records and Bals' evaluations were also admitted into evidence. No evidence was presented that Verduzco had transmitted the evaluations to anyone other than his superiors. While admitting that portions of his evaluations were positive, Bals challenged the accuracy of many of Verduzco's critical comments.

Inland records disclosed that certain defective or "over-hours" projects involved contributions from employees other than Bals. Additionally, company records indicated that Bals had been assigned as a day foreman while Verduzco indicated that he had been assigned as a night foreman during a production decline. Bals stated, however, that he had made shift changes, with Verduzco's permission, to accommodate his law school schedule.

Bals admitted that he had been afforded various conferences with Verduzco's superiors, but denied that he had been fully apprised of the criticisms of his performance. He indicated that he had been provided copies of the first two evaluations, but had not seen the final evaluation until discovery was conducted in the instant case. He opined that the decision to terminate him had been made by Paul Arsenault. He was first given an opportunity to resign, which he declined. Bals testified that he had not obtained employment as an engineer after his termination from Inland.

■ Defamation is that which tends to injure reputation or to diminish the esteem, respect, good will or confidence in a person, or to excite derogatory feelings or opinions about them. *Kolczynski v. Maxton Motors, Inc.* (1989), Ind.App., 538 N.E.2d 275, 276, *reh. denied.* Privilege and malice are irrelevant without publication. *Brockman v. Detroit Diesel Allison Div., Etc.* (1977), 174 Ind.App. 240, 244, 366 N.E.2d 1201, 1203, *reh. denied.* Thus, the initial question before the trial court was whether Verduzco "published" statements concerning Bals.

■ Verduzco asserts that the overwhelming majority of case law in this country holds that an evaluation placed in an employee's personnel file or communicated between management employees of a corporation are not publications to a third party for purposes of defamation. *See, e.g., Prins v. Holland-North America Mortgage Co.* (1919), 107 Wash. 206, 181 P. 680; *Williams v. Cook* (1989), Ga.App., 386 S.E.2d 665, *reh. denied; Reynolds Metals Company v. Mays* (1989) Ala., 547 So.2d 518; *Ellis v. Jewish Hospital of St. Louis* (1979) Mo., 581 S.W.2d 850; *Halsell v. Kimberly-Clark Corporation* (1982) 8th Cir., 683 F.2d 285, *reh. denied; Magnolia Petroleum Co. v. Davidson* (1944), 194 Okla. 115, 148 P.2d 468, 471; *Jones v. Golden Spike Corporation* (1981), 97 Nev.

24, 623 P.2d 970, 971, *reh. denied; L. Cohen & Company, Inc. v. Dun & Bradstreet, Inc.* (D.Conn.1986), 629 F.Supp. 1425, 1427; *Noel v. Andrus* (1987) 5th Cir., 810 F.2d 1388; *Walker v. Martin* (1939), Tex., 129 S.W.2d 1149, *reh. denied.*

We note, however, that several courts have taken a contrary position. *Kelly v. General Telephone Co.* (1982), 136 Cal. App.3d 278, 186 Cal.Rptr. 184; *Southern Bell Tel. & Tel. Co. v. Barnes* (1984), Fla. App., 443 So.2d 1085; *Luttrell v. United Tel. System, Inc.* (1984), 9 Kan.App.2d 620, 683 P.2d 1292; *Bander v. Metropolitan Life Ins. Co.* (1943), 313 Mass. 337, 47 N.E.2d 595; *Arsenault v. Allegheny Airlines Inc.* (D.Mass.1980), 485 F.Supp. 1373, 1379; *Brantley v. Zantop International Airlines, Inc.* (E.D.Mich.1985), 617 F.Supp. 1032, 1033; *Pirre v. Printing Developments, Inc.* (S.D.N.Y.1979), 468 F.Supp. 1028. These courts have recognized an intracorporate transfer of information as a publication. Where each additional element of defamation is established, the defendant may then assert a defense that the publication was made pursuant to a qualified privilege.

We find no Indiana case which definitively states whether the transfer of an employee evaluation to management personnel who initiated its completion constitutes a publication for purposes of a defamation action. We note, however, that substantially similar facts were considered in *Cua v. Ramos* (1982), Ind., 433 N.E.2d 745. Central State Hospital supervisory personnel submitted a negative evaluation concerning Cua to the Indiana State Personnel Division. One month later, these supervisors issued a memorandum to the hospital superintendent recommending that Cua be discharged. Although not specifically addressing the element of publication in affirming the trial court's judgment in favor of the supervisors, the court noted, *inter alia,* that the reports were confidential and not exposed to the general public. *Id.* at 749.

In *Brockman, supra,* the court considered whether a publication occurred when a supervisor charged an employee with equipment sabotage, and the allegation was subsequently considered at a meeting attended by a member of management and a union representative. The union representative acted on Brockman's behalf. Implicitly, Brockman's supervisor, George Pannell, conveyed his suspicion to at least one management employee having the authority to represent the company at grievance procedures. Nevertheless, the court concluded that Brockman had failed to establish the requisite publication. *Id.* 366 N.E.2d at 1203.

Information concerning Bals' conduct was likewise communicated only to management personnel having the responsibility for acting thereon. The trial court committed no error in concluding that no publication was made.

Affirmed.

HOFFMAN, P.J., and GARRARD, J., concur.