James E. BURKS, Appellant
(Plaintiff Below),

v.

C.H. RUSHMORE, Appellee
(Defendant Below).

No. 41A01–9007–CV–293.

Court of Appeals of Indiana,
First District.

April 15, 1991.

David R. Day, Johnson, Smith, Densborn Wright & Heath, Indianapolis, David S. McCrea, Bloomington, for appellant.

A. David Stippler, Indianapolis, David S. Allen, Locke, Reynolds, Boyd & Weisell, Indianapolis, for appellee.

ROBERTSON, Judge.

This defamation case revisits us after a reversal of the grant of C.H. Rushmore's motion for summary judgment in *Burks v. Rushmore* (1989), Ind., 534 N.E.2d 1101. James E. Burks now appeals the grant of Rushmore's second motion for summary judgment. We affirm.

Burks was an employee of Indiana Bell Telephone Company, Inc. (the Company) in 1981. As Medical Director for Indiana Bell, Rushmore was responsible for maintenance and supervision of the employee disability leave programs. During the first week of November, when Burks was on authorized disability leave, Rushmore received a newspaper article from Scott Newlund, the manager of the Company's Bloomington, Indiana, office. The article stated that Burks was a principal and an active manager and partner in a Bloomington business. On November 9, 1981, Rushmore wrote the following memorandum and circulated it, along with the newspaper article, to three Company employees:

> This disturbs me, and I am wondering if, with Scott Newland's information, we would consider that this is fraud since he has been on disability for some time.

The three Company employees who received the note and the article were the secretary of the benefit committee, the assistant vice president of personnel, and a company attorney involved in labor matters. Rushmore stated in his deposition that these were the normal people to whom he would ordinarily send such a document.

Based upon the pleadings and depositions, the trial court entered the following order:

> Comes now the Court and having taken this cause under advisement now finds:
>
> 1. There exist no genuine issues as to any material facts. The statement at issue which was sent interoffice from one employee of the corporation to three other employees of the corporation was: "This disturbs me, and I am wondering if, with Scott Newland's information, we would consider that this is fraud since he has been on disability for quite some time."
>
> 2. In the Corporate context, with the need to communicate among necessary employees questions of corporate concern, this question asked by Dr. Rushmore is not defamatory.
>
> 3. Furthermore, this communication is, based upon the corporate interests involved, one of a qualified privilege.
>
> Therefore, the Court GRANTS Defendant's Motion for Summary Judgment.

## DECISION

Our review of the grant of a motion for summary judgment applies the same standard as that applied by the trial court. Summary judgment is appropriate only when the record establishes that no genuine issue of material fact exists and the proponent is entitled to judgment as a mat-

ter of law. The movant bears the burden to establish the propriety of summary judgment, and all facts and their inferences are viewed in the light most favorable to the non-movant, Burks in this case. *Newhouse v. Farmers National Bank of Shelbyville* (1989), Ind.App., 532 N.E.2d 26.

The basic elements of a defamation claim are a defamatory imputation, publication, malice, and damages. *Shallenberger v. Scoggins–Tomlinson, Inc.* (1982), Ind.App., 439 N.E.2d 699. The trial court concluded in paragraph three of its order that the communication involved a qualified privilege. Such privilege may be defeated by a showing of "actual" or "express" malice, that is, the statements exceed the scope of the purposes for which the privilege exists. *Weenig v. Wood* (1976), 169 Ind.App. 413, 349 N.E.2d 235. However, privilege and malice are irrelevant without publication. *Bals v. Verduzco* (1990), Ind.App., 564 N.E.2d 307. Because we conclude paragraph two of the trial court's order addresses publication, we first turn to that issue.

The second paragraph of the order states that, with the need to communicate questions of corporate concern among necessary corporate employees, the question asked by Dr. Rushmore is not defamatory. The trial court obviously not only looked at the face of the statement but, more importantly, at those employees to whom Rushmore sent the statement. Both Burks and Rushmore acknowledge the issue of publication and have addressed it in their briefs.

In this regard, Burks acknowledges that two of the employees, the secretary of the benefit committee and the assistant vice president of personnel, had responsibility to act on the information provided by Rushmore but he claims the other, the attorney involved in labor matters, did not. In so doing, Burks quotes part of the attorney's deposition somewhat out of context for the proposition that the attorney did not know why the memorandum had been sent to him and had no business reason to act upon or retain it. Burks therefore reasons that the attorney was not an appropriate corporate party to receive the communication and that the communication was published when the attorney received it.

In context, the attorney stated he would not act upon the memorandum and article without talking to somebody about it first. He concluded that Rushmore had sent them to him because Rushmore had talked to him from time to time on a number of different matters. He had in fact later talked about the matter briefly with Rushmore, who had had some question about whether Burks had any disability. The attorney suggested a surveillance of Burks, as the attorney had previously ordered surveillance of a former Company employee in an unrelated matter. These statements, taken in context, show the attorney had some managerial responsibility to act upon the information provided by Rushmore and therefore show the attorney was an "appropriate party" to receive the communication. Thus, we conclude that summary judgment was appropriate because no publication had been made as a matter of law. *See Bals*, 564 N.E.2d 307.

Even if the relationship among Rushmore, the attorney, and the Company did not show the attorney was an appropriate party to receive the information in the context of publication, that relationship nevertheless shows a qualified privilege existed, as concluded by the trial court in its third paragraph. The qualified privilege protects a communication made in good faith on any subject matter in which the party making the communications has an interest or in reference to which he has a duty, either public or private, either legal, moral, or social, if made to a person having a corresponding interest or duty. *K Mart Corp. v. Brzezinski* (1989), Ind.App., 540 N.E.2d 1276. It has been applied to protect communications made between co-employees about another employee when relevant to the employment. *Id.* Whether a statement is protected by qualified privilege is a question of law unless the facts are in dispute. *Id.*

However, the privilege is lost if the defamation goes beyond the group interest or if publication is made to persons

who have no reason to receive the information. *Id.* Also, a trier of fact may determine the privilege was abused by use of the occasion for an improper purpose or by lack of belief or grounds for belief in the truth of what is said. *Id.*

▪ As noted above, Burks claims that the Company attorney inappropriately received the memorandum and the article from Rushmore. However, the statements of the Company attorney, taken in context, show the attorney had some employment responsibility for acting upon the information provided by Rushmore, and Rushmore certainly had the responsibility to monitor continuing disability. We therefore conclude as a matter of law, the communications concerned corresponding duties, fell within the group employment interest, were used for a proper purpose, and were made to persons who had legitimate employment reasons to receive the information; and Burks produced no evidence to show otherwise.

▪ Further, Burks contends Rushmore lacked grounds for belief in the truth of what his memorandum contained. In essence, he contends a factual issue is presented because Rushmore did not contact him to determine whether he was still disabled. However, we will saddle Rushmore with no such duty. When Rushmore showed the qualified privilege applied to this case, Burks should have provided some material facts to rebut the showing of privilege. *See Chester v. Indianapolis Newspapers, Inc.* (1990), Ind.App., 553 N.E.2d 137. He did not, and the trial court therefore properly determined the communications were protected by qualified privilege as a matter of law.

Judgment affirmed.

RATLIFF, C.J., and BARTEAU, J., concur.