**Daniel I. BALS, Plaintiff–Appellant,**

v.

**Albert VERDUZCO, Defendant–Appellee.**

No. 64S03–9210–CV–846.

Supreme Court of Indiana.

Oct. 21, 1992.

Richard A. Miller, Gouveia & Miller, Merrillville, for plaintiff-appellant.

Gregory R. Lyman, Terence M. Austgen, Singleton, Levy & Crist, Munster, for defendant-appellee.

DICKSON, Justice.

Should employee evaluation information communicated intracompany to management personnel be considered "published" for purposes of a defamation action? We grant transfer to address this issue.

Both plaintiff-appellant Daniel I. Bals and defendant-appellee Albert Verduzco were employees of Inland Steel Company, with Bals under the direct supervision of Verduzco. Bals was terminated following a series of employee evaluation reports submitted by Verduzco. Bals commenced this action against Verduzco alleging defamation and tortious interference with an employment relationship. Summary judgment was granted in favor of Verduzco as to the latter claim. Trial was held on the defamation action, and at the conclusion of the plaintiff's case in chief, the trial court granted the defendant's motion for judgment. It concluded that Verduzco's submission of the employee evaluation reports did not constitute a publication necessary to sustain a defamation action. The Court of Appeals affirmed. *Bals v. Verduzco* (1990), Ind.App., 564 N.E.2d 307.

On appeal, Bals contends that the trial court erred in finding no publication. Verduzco disagrees and further responds in the alternative that the judgment should be upheld because the plaintiff's evidence was insufficient to prove each of the following: defamatory content, malice sufficient to overcome qualified privilege, and proximately resulting special damage.

### 1. Publication

In an action for defamation, the plaintiff must show that the defamatory matter was "published," that is, communicated to a third person or persons. *Delval v. PPG Indus., Inc.* (1992), Ind.App., 590 N.E.2d 1078, 1080; *Kolczynski v. Maxton Motors, Inc.,* (1989), Ind.App., 538 N.E.2d 275, 276. There is substantial conflict among other jurisdictions over whether or not intracompany documents can satisfy the publication element of a defamation claim. *See generally* 47 A.L.R.4th 674. Many jurisdictions [1] hold that communica-

1. *See e.g. Dixon v. Economy Co.* (1985), Ala., 477 So.2d 353; *Williams v. Cook* (1989), 192 Ga.App. 811, 386 S.E.2d 665; *Johnson v. Delchamps* (M.D.La.1989), 715 F.Supp. 1345, *aff'd* in 897 F.2d 808 (applying Louisiana law); *Steinbach v. Northwestern Nat'l Life Ins. Co.* (D.C.Minn. 1989), 728 F.Supp. 1389 (applying Minnesota law); *Washington v. Thomas* (1989), Mo.App., 778 S.W.2d 792; *Jones v. Golden* (1981), 97 Nev. 24, 623 P.2d 970; *Magnolia Petroleum Co. v. Davidson* (1944), 194 Okla. 115, 148 P.2d 468; *Keddie v. Pennsylvania State Univ.* (M.D.Pa. 1976), 412 F.Supp. 1264 (applying Pennsylvania law); *Prins v. Holland–North Am. Mortgage Co.*

tions between employees or officers of the same corporation are not communications to a third person as required by the law of defamation. Grounded in agency theory, this approach views the corporation as simply communicating with itself.

On the other hand, a significant number of courts[2] hold that intracompany communications may constitute publication for purposes of a defamation action. These jurisdictions consider damage to one's reputation within a corporate community to be just as devastating as that effected by defamation spread to the outside. Although corporate officers might be the embodiment of the corporation, it is argued, they remain individuals with distinct personalities and opinions which might be affected just as surely as those of other employees by the spread of injurious falsehoods. This approach is consistent with Restatement (Second) of Torts, § 577, cmt. i (1977):

> i. *Communication by one agent to another agent of the same principal.* The communication within the scope of his employment by one agent to another agent of the same principal is a publication not only by the first agent but also by the principal and this is true whether the principal is an individual, a partnership or a corporation. * * *

In selecting the better view for Indiana, we find guidance in the values embodied in our state constitution. Our state expressly recognizes the particular value of an individual's interest in reputation and accords it specific protection. In Article I, Section 12, the Indiana Constitution declares, in part:

All courts shall be open; and every person, for injury done to him in his person, property, *or reputation,* shall have remedy by due course of law (emphasis added).

Analogously, our state constitutional free speech provision expressly emphasizes the need for accountability.

No law shall be passed, restraining the free interchange of thought and opinion, or restricting the right to speak, write, or print, freely, on any subject whatever: *but for the abuse of that right, every person shall be responsible.*

Ind. Const. Art. I, § 9 (emphasis added). There is no counterpart in the federal constitution expressly referring to one's reputation interest.[3] We choose to resolve the present question in a manner consistent with the particular assurance of remedy for injury to reputation in the Indiana Constitution.

Upon employment, an individual does not relinquish the value of a good reputation. To the contrary, a person's suitability for continued employment and advancement at work may be substantially influenced by the reputation one earns. When intracompany communications injure an employee's occupational reputation, the result may be among the most injurious of defamations. We cannot deprive access to the courts for an employee who suffers very real and significant injuries as a result of intracompany defamatory falsehoods which would otherwise be actionable. Refusing to characterize such communication

(1919), 107 Wash. 206, 181 P. 680; *Halsell v. Kimberly–Clark Corp.* (8th Cir.1982), 683 F.2d 285 (applying Wisconsin law).

2. *Kelly v. Gen. Tel. Co.* (1982), 136 Cal.App.3d 278, 186 Cal.Rptr. 184; *Southern Bell Tel. & Tel. Co. v. Barnes* (1984), Fla.App., 443 So.2d 1085; *Jones v. Britt Airways, Inc.* (N.D.Ill.1985), 622 F.Supp. 389 (applying Illinois law); *Luttrell v. United Tel. Sys., Inc.* (1984), 9 Kan.App.2d 620, 683 P.2d 1292, *aff'd* 236 Kan. 710, 695 P.2d 1279; *Stewart v. Pantry, Inc.* (W.D.Ky.1988), 715 F.Supp. 1361 (applying Kentucky law); *Arsenault v. Allegheny Airlines, Inc.* (D.C.Mass.1980), 485 F.Supp. 1373 (applying Massachusetts law), *aff'd* without opinion in 636 F.2d 1199, *cert. denied,* 454 U.S. 821, 102 S.Ct. 105, 70 L.Ed.2d

93; *Brantley v. Zantop Int'l Airlines, Inc.* (E.D.Mich.1985), 617 F.Supp. 1032 (applying Michigan law); *Pirre v. Printing Developments, Inc.* (S.D.N.Y.1979), 468 F.Supp. 1028, *aff'd* without opinion in 614 F.2d 1290 (applying New York law); *Quinn v. Ltd. Express, Inc.* (W.D.Pa. 1989), 715 F.Supp. 127 (applying Pennsylvania law).

3. Regarding the extent of Fourteenth Amendment protection for reputation as a liberty interest, *see Paul v. Davis* (1976), 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405; *Speckman v. City of Indianapolis* (1989), Ind. 540 N.E.2d 1189; *Lawson v. Sheriff of Tippecanoe County* (7th Cir. 1984), 725 F.2d 1136.

as a publication for a defamation action is an unacceptable legal fiction that interferes with an Indiana employee's constitutional right to a remedy for injury to reputation. We hold that employee evaluation information communicated intracompany to management personnel may be considered published for purposes of a defamation action.

■■■ Notwithstanding our conclusion that the trial court incorrectly found no publication, we will affirm the judgment if it can be sustained on any theory or basis found in the record. *Douglass v. Irvin* (1990), Ind., 549 N.E.2d 368; *Havert v. Caldwell* (1983), Ind., 452 N.E.2d 154. The granting of a motion for judgment on the evidence at the close of the plaintiff's evidence in a defamation case will be upheld if there was an absence of evidence or reasonable inference on at least one essential element of the plaintiff's case. *Brockman v. Detroit Diesel Allison Div. of General Motors Corp.* (1977), 174 Ind.App. 240, 366 N.E.2d 1201. The defendant asserts that the evidence was insufficient to prove defamatory content, malice sufficient to overcome qualified privilege, and proximately resulting special damages.

### 2. Qualified Privilege

■■■ To accommodate the important role of free and open intracompany communications and legitimate human resource management needs, the qualified privilege is available to protect personnel evaluation information communicated in good faith. Qualified privilege is a defense to a defamation action and applies to "communications made in good faith on any subject matter in which the party making the communication has an interest or in reference to which he has a duty, either public or private, either legal, moral, or social, if made to a person having a corresponding interest or duty." *Chambers v. American*

*Trans Air, Inc.* (1991), Ind.App., 577 N.E.2d 612, 615, quoting *Elliott v. Roach* (1980), Ind.App., 409 N.E.2d 661, 672. Absent a factual dispute, whether a statement is protected by a qualified privilege is a question of law. *Lawson v. Howmet Aluminum Corp.* (1983), Ind.App., 449 N.E.2d 1172, 1175. Intracompany communications regarding the fitness of an employee are protected by the qualified privilege. *Id.*

■■■ A statement otherwise protected by the doctrine of qualified privilege may lose its privileged character upon a showing of abuse wherein: (1) the communicator was primarily motivated by ill will in making the statement; (2) there was excessive publication of the defamatory statements; or (3) the statement was made without belief or grounds for belief in its truth. *Chambers*, 577 N.E.2d at 616; *Boydston v. Chrysler Credit Corp.* (1987), Ind.App., 511 N.E.2d 318, 321.[4]

■■■ Once the communication is established as qualifiedly privileged, the plaintiff then has the burden of overcoming that privilege by showing that it has been abused. *Knight v. Baker* (1977), 173 Ind. App. 314, 320, 363 N.E.2d 1048, 1051. As explained in William Prosser, *Law of Torts* § 115, at 796 (4th ed. 1971):

> The burden is upon the defendant in the first instance to establish the existence of a privileged occasion for the publication, by proof of a recognized public or private interest which would justify the utterance of the words. When the occasion was a privileged one, it is a question to be determined by the court as an issue of law, unless of course the facts are in dispute, in which case the jury will be instructed as to the proper rules to apply. Once the existence of the privilege is established, the burden is

---

**4.** By utilizing the "made without belief or grounds for belief" standard for abuse of the qualified privilege, Indiana courts depart from the standard suggested in Restatement (Second) of Torts, § 600, that abuse occurs when one "(a) knows the matter to be false, or (b) acts in reckless disregard as to its truth or falsity." In so doing, we prefer a broader latitude to be given by the qualified privilege. We note, how-

ever, that in two cases, our Court of Appeals recited the "made without belief or grounds for belief" standard but then found that the plaintiff failed even to demonstrate "reckless disregard for the truth." *Olsson v. Indiana Univ. Bd. of Trustees* (1991), Ind.App., 571 N.E.2d 585; *Ernst v. Indiana Bell Tel. Co.* (1985), Ind.App., 475 N.E.2d 351.

upon the plaintiff to prove that it has been abused by excessive publication, by use of the occasion for an improper purpose, or by lack of belief or grounds for belief in the truth of what is said. Unless only one conclusion can be drawn from the evidence, the determination of the question whether the privilege has been abused is for the jury.

Because of the employment relationship of the parties, there was no question at trial regarding the applicability of the existence of the qualified privilege. Rather, the issue was whether or not the defendant abused the privilege. In his brief to the Court of Appeals, the plaintiff declared, "From the very outset, plaintiff has maintained that this is a case of qualified privilege." Appellant's Brief at 9. However, he asserts that the protection of the privilege was lost by reason of the defendant's conduct "in publishing the statements with a lack of belief or grounds for belief in the truth of what was published." Appellant's Brief at 10. It is upon these grounds, and not for excessive publication or motivation by ill will, that Bals contends Verduzco lost the qualified privilege.

■ The standard of review for a challenge to a ruling on a motion for judgment on the evidence is the same standard utilized by the trial court in making its decision. We look only to the evidence and reasonable inferences therefrom most favorable to the nonmoving party. The motion should be granted only where there is no substantial evidence supporting an essential issue in a case. Ind.Trial Rule 50(A); *Johnson v. Naugle* (1990), Ind.App., 557 N.E.2d 1339, 1342; *Whisman v. Fawcett* (1984), Ind., 470 N.E.2d 73, 79.

■ Seeking to show evidence of abuse of privilege, Bals points to seven examples of evidence disputing the factual accuracy of Verduzco's statements. This evidence consists of other records maintained by the employer and the testimony of Bals. If the issue were merely the factual accuracy of Verduzco's reports, there would certainly be substantial evidence so as to preclude a judgment on the evidence. However, the crucial issue is whether the alleged defama-

tions were made by Verduzco without belief or grounds for belief as to truth. Thus, the plaintiff must show that substantial evidence exists to support a reasonable inference either that Verduzco actually made the statements without believing them to be true, or that Verduzco lacked any grounds for belief as to the truth of the statements. Bals has failed to present such evidence.

The plaintiff questioned Verduzco on direct examination but identifies no evidence that Verduzco actually lacked belief in the truth of his reports. Nor do we find evidence that Verduzco lacked grounds for such belief. Bals did not obtain any admission from Verduzco that there were no grounds for belief in the truth of any of the statements. Likewise, Bals failed to elicit Verduzco's grounds for the disputed statements; thus, Bals could not prove that the grounds relied upon by Verduzco were not credible and worthy of belief. By simply denying the factual content of Verduzco's reports, or by referring to other evidence disputing such content, Bals does not present substantial evidence that Verduzco had no grounds for belief in the truth of the statements in his reports. Bals has thereby failed to show abuse of privilege.

We conclude that the trial court's entry of judgment on the evidence can be sustained because of the absence of substantial evidence or reasonable inferences upon the issue of the abuse of qualified privilege.

The opinion of the Court of Appeals is vacated. The granting of judgment on the evidence is affirmed.

SHEPARD, C.J., and DeBRULER and KRAHULIK, JJ., concur.

GIVAN, J., concurs in result without opinion.