*13 CRONE, Judge,
concurring in part and concurring in result in part.
[39] I fully concur in the majority’s affirmance of summary judgment in favor of Ciarían and in favor of the Trustees on Robbins’s negligent hiring and intentional infliction of emotional distress claims. I would also affirm summary judgment in favor of the Trustees on Robbins’s claim for invasion of privacy by the public disclosure .of private facts, but I would do so on the-basis that the Trustees cannot be held vicariously liable for a nonexistent tort. Whether Indiana, recognizes this tort is technically an open question, but for all practical purposes the answer is currently no.[3]
[40] In Doe v. Methodist Hospital, 690 N.E.2d 681, 682 (Ind.1997), a plurality of our supreme court “decline[d] to recognize” the tort, notwithstanding the insistence of two justices that “[f]or almost half a century, Indiana courts have clearly recognized the common law tort of invasion of privacy, including the unwarranted public disclosure of private matters.” Id. at 694 (Dickson, J., joined by Sullivan, J., concurring in result). Four years later, in Felsher v. University of Evansville, 755 N.E.2d 589, 593 (Ind.2001), a unanimous supreme court essentially characterized the Doe plurality’s view as a majority holding: “Our discussion of [the history of the privacy tort] and the Second Restatement served as a prelude to our decision not to recognize a branch of the tort involving the public disclosure of private facts.” More recently, in Westminster Presbyterian Church of Muncie v. Cheng, 992 N.E.2d 859, 868 (Ind.Ct.App.2013), trans. denied (2014), another panel of this Court cited Doe in stating that “public disclosure of private facts is not a recognized cause of action in Indiana,” and our supreme court denied transfer in that case.[4]
[41] In sum, since Felsher was decided in 2001, our state’s highest court has acted as if public disclosure of private facts is not a valid cause of action in Indiana, even though a majority of the court has not so held. Although neither Doe nor Felsher is binding precedent on this point, I am not inclined to rock this particular boat. Consequently, I would affirm summary judgment in favor of the Trustees on Robbins’s invasion of privacy claim on the basis that they cannot be held vicariously liable for a nonexistent tort.
[42] Nevertheless, I respectfully urge our supreme court to revisit its pronouncements in Doe and Felsher in light of the exponential increase in the amount and sensitivity of personal information that has become available online since those cases were decided and the corresponding increase in the speed and ease with which that information may be broadcast to the public. It is difficult to overstate the extent to which we have surrendered, by choice or compulsion, the most intimate details of our lives to the digital domain. Many Hoosiers are paid (or, as in the case of state employees, must be paid) online. And many Hoosiers bank, shop, conduct business, pay taxes, engage in social and political activity, seek medical and legal advice, and (pursuant to federal law) have their health records stored online. Although much of this information is expected and intended to be disseminated to a wide audience (family vacation photos, job résumés), much is expected, and intended to be kept under the electronic equivalent *14 of a lock and key (financial records, psychiatric treatment notes). See Neil M. Richards & Daniel J. Solove, Prosser’s Privacy Law: A Mixed, Legacy, 98 Cal. L. Rev. 1887, 1920 (Dec. 2010) (“People expose information with varying expectations of the extent and nature of its future exposure. When they go about their daily activities, most people expect not to have the information about them recorded, compiled, or widely disseminated.”). As Justice Dickson presciently recognized in his separate opinion in Doe, “With our ever-increasing population and the growing technological opportunities for invasive scrutiny into others’ lives, the compilation of private data, and the disclosure of purely personal matters, this common law tort [of public disclosure of private facts] grows in importance as a valuable source of deterrence and accountability.” 690 N:E.2d at- 695 (Dickson¡ J., concurring in result).[5]
[43] Assuming - for argument’s sake that the tort is'in fact alive and well in Indiana, I would agree with the majority that DeBow’s acquisition and disclosure of Robbins’s medical information for purely personal reasons was not -within the scope of her employment and therefore the Trustees may not be held vicariously liable under a respondeat superior theory. I would not find the Confidential Agreement to be dispositive in this regard, however,, and I would note that other courts have recognized that direct liability may arise in similar situations. See, e.g,, Doe v, Guthrie Clinic, Ltd., 22 N.Y.3d 480, 982 N.Y.S.2d 431, 5 N.E.3d 578, 581 (2014) (“A medical corporation may ... be liable in tort for faffing to establish adequate policies and procedures to safeguard the confidentiality of patient information or to train their employees to properly discharge their duties under those policies and procedures.”). This is an area in which technology is advancing faster than the law, and I am sure that we will be required to revisit it in the future.

. Unlike the Trustees in this case, the employer in Walgreen, 21 N.E.3d 99, did not properly raise the issue on appeal, and this Court declined to address it. Id. at 112 n. 2.

. Disappointingly, Robbins fails to acknowledge either Felsher or Cheng in her reply 1 brief.

. One basis for the Doe plurality’s refusal to recognize the tort was its "potential conflict with the libel provision of the Indiana Bill of Rights: 'In all prosecutions for libel, the ’truth of the matters alleged to be’libelous may be given in justification.’ ” 690 N.E.2d at< 687 (quoting Ind, Const, art. 1, § 10). I find greater merit in Justice Dickson’s view that “our constitution provides a strong basis for continuing to recognize this tort”:
[A] primary harm that can, result from a public disclosure of private facts is an injury to a person’s reputation. The Indiana Constitution provides express recognition of an individual’s interest in reputation and accords it specific protection. Bals v. Verduzco, 600 N.E.2d 1353, 1355 (Ind.1992). It expresses distinct protection for personal reputation: "[Ejvery person, for injury done to. him in his person, property, or reputation, shall have remedy by due course of law.” Ind. Const, art. 1, § 12 (emphasis added). Furthermore, the provision protecting the "right to speak, write, or print, freely, on' any subject whatever” is expressly qualified by the limitation "but for the abuse of that right, every person shall be responsible.” Ind. Const, art. 1, § 9. While the framers were concerned that the defense of truth be permitted in prosecutions for libel, e.g., defamatory falsehoods, it does not follow that they would have intended to prohibit accountability for harm resulting from the unwarranted public disclosure of private facts, albeit truthful disclosures.
Id. at 695 (footnote omitted) (Dickson, J., concurring in result)..