WALLY JONES, APPELLANT, *v.* GOLDEN SPIKE CORPORATION, A NEVADA CORPORATION; AND CHARLES PAUL LEONARD, JR., RESPONDENTS.

No. 11896

February 20, 1981                                        623 P.2d 970

[Rehearing denied May 6, 1981]

*George W. Abbott,* Minden, for Appellant.

*Allison, Brunetti, MacKenzie & Taylor,* Carson City, for Respondents.

---

[2]The Governor designated The Honorable Llewellyn A. Young, Judge of the Sixth Judicial District Court, to sit in the place of THE HONORABLE GORDON THOMPSON, Justice. Nev. Const. art. 6, § 4.

## OPINION

By the Court, McDANIEL, D. J.[1]:

This appeal involves a slander action by an employee against his corporate employer. Appellant Wally Jones was employed as the head bartender by respondent Golden Spike Corporation, a Nevada corporation, which owns and operates the Golden Spike Casino in Carson City, Nevada. On September 22, 1977, the president of Golden Spike, Charles Paul Leonard, Jr., had received a surveillance report on the performance of the bartenders in the bar at the casino. He reviewed the report with Golden Spike's general manager, Richard Bennett. At 5:30 p.m. that day, appellant and four other bartenders were summoned to Leonard's private office in the casino. Each was given a typewritten copy of the report to read. A discussion was then held, during which appellant alleges that Leonard stated to the group, "You are all no-good, ------------------, ------------------, thieves."

Appellant filed his complaint alleging slander and damages. Respondents answered and then filed a motion for summary

[1] The Governor designated The Honorable Joseph O. McDaniel, Judge of the Fourth Judicial District Court, to sit in the place of THE HONORABLE GORDON THOMPSON, Justice. Nev. Const. art. 6, § 4.

judgment on the grounds that, assuming that a defamatory statement had been made as alleged, there had been no publication. The trial court granted the motion on that ground and entered judgment for respondents, and this appeal followed.

To be actionable, there must be a publication of the defamatory statement. This concept is explained in Great Atlantic & Pacific Tea Co. v. Paul, 261 A.2d 731, 734-735 (Md.App. 1970):

> 'Publication' in the law of defamation is the communication of defamatory matter to a third person or persons. (Citations omitted.) This means that for alleged defamatory words to be actionable they must be seen or heard by some person other than the plaintiff and defendant.

Appellant first contends that since the general manager was present, there was a publication. Jurisdictions that have followed the Restatement of Torts have taken that position. We choose to follow the majority rule as set forth in Prins v. Holland-North American Mortgage Co., 181 P. 680 (Wash. 1919):

> Publication of a libel is the communication of the defamatory matter to some third person or persons. Here the communication was sent from the main office of the company to its branch office. . . . Agents and employes of this character are not third persons in their relations to the corporation, within the meaning of the laws pertaining to the publication of libels. For the time being, they are a part and parcel of the corporation itself, so much so, indeed, that their acts within the limits of their employment are the acts of the corporation. For a corporation, therefore, acting through one of its agents or representatives, to send a libelous communication to another of its agents or representatives, cannot be a publication of the libel on the part of the corporation. It is but communicating with itself. *Id.* at 680-81.

In Mims v. Metropolitan Life Ins. Co., 200 F.2d 800 (5th Cir. 1952) the court added:

> This court has held that where the language complained of was communicated only by one corporate officer to another in the regular course of the corporation's business, such communication did not amount to a publication which would support an action for libel. *Id.* at 802.

This rule of law as to defamatory communications between officers, agents and employees of a corporation is hereby adopted as the law of the State of Nevada. *Accord,* Western Union Tel. Co. v. Lesesne, 198 F.2d 154 (4th Cir. 1952); United States Steel Corp. v. Darby, 516 F.2d 961 (5th Cir. 1975); Keddie v. Pennsylvania State University, 412 F.Supp. 1264 (M.D.Pa. 1976); Burney v. Southern Railway Company, 165 So.2d 726 (Ala. 1964); McDaniel v. Crescent Motors, Inc., 31 So.2d 343 (Ala. 1947); Lu Allen v. Home Mission Board, 188 S.E.2d 138 (Ga.App. 1972); McKenna v. Mansfield Leland Hotel Co., 9 N.E.2d 166 (OhioApp. 1936); Magnolia Petroleum Co. v. Davidson, 148 P.2d 468 (Okl. 1944).

Appellant also contends there was a publication as to the other four bartenders. We disagree. All five individuals were addressed as a group and the defamatory statement made to them as such. In Pate v. Tyee Motor Inn, 467 P.2d 301, 302 (Wash. 1970), the court stated: "Tort liability for slander requires that the defamation be communicated to someone other than the person or *persons* defamed." (Emphasis added.) *Accord,* Campbell v. Jacksonville Kennel Club, 66 So.2d 495 (Fla. 1953); Starnes v. St. Joseph Railway, Light, Heat & Power Co., 52 S.W.2d 852 (Mo. 1932); Harbison v. Chicago, R.I. & P. Ry. Co., 37 S.W.2d 609 (Mo. 1931); Bull v. Collins, 54 S.W.2d 870 (Tex.Civ.App. 1932). Therefore, there was no publication as to the other parties who were defamed.

The order granting summary judgment and judgment is affirmed.

GUNDERSON, C. J., and MANOUKIAN, BATJER, and MOWBRAY, JJ., concur.