103 F.3d 897
 72 Fair Empl.Prac.Cas. (BNA) 1713,
69 Empl. Prac. Dec. P 44,443,
133 Lab.Cas. P 58,220,
96 Cal. Daily Op. Serv. 9420,
96 Daily Journal D.A.R. 15,484
 Tina CROWE, Plaintiff-Appellant, Cross-Appellee,
v.
WILTEL COMMUNICATIONS SYSTEMS; Dana Malone, Individually;
Steve Kile, Individually; Does I through X, Inclusive; and
Roe Corporations I through X, Inclusive,
Defendants-Appellees, Cross-Appellants.
 Nos. 95-16251, 95-16344.
 United States Court of Appeals,
Ninth Circuit.
 Submitted Oct. 11, 1996*.
Decided Dec. 26, 1996.
 
 Janet S. Markley, Barker, Gillock, Konig & Brown, Las Vegas, NV, for plaintiff-appellant-cross-appellee.
 Kristina Pickering, Morris, Brignone & Pickering, Las Vegas, NV, for defendants-appellees-cross-appellants Wiltel Communications Systems and Dana Malone.
 Richard J. Pocker, Dickerson, Dickerson, Lieberman & Consul, Las Vegas, NV, for defendant-appellee-cross-appellant Steve Kile.
 Appeals from the United States District Court for the District of Nevada, Earl E. O'Connor, District Judge, Presiding. D.C. No. CV-93-1095-LDG.
 Before: GOODWIN, WALLACE, and RYMER, Circuit Judges.
 PER CURIAM:
 
 
 1
 Tina Crowe appeals a judgment as a matter of law for defendants Wiltel Communications Systems (Wiltel) and Steve Kile on her state law defamation claims. She also seeks a new trial on her Title VII sexual harassment claim. We affirm the judgment in all respects.
 
 
 2
 Defendants Wiltel and Dana Malone cross-appeal the district court's denial of their motions for attorneys' fees and costs under Title VII. All defendants also assert their right to fees and costs as prevailing parties on the defamation claims. We affirm the district court's denial of fees and costs under Title VII. We remand to allow the district court to rule on the other motions for fees and costs in light of our affirmance of the court's judgment on defamation.
 
 I. Facts and Procedural History
 
 3
 Tina Crowe sued in Nevada state court, naming as defendants her former employer, Wiltel, her former supervisor in the sales department, Kile, and a supervisor in the operations department of Wiltel, Malone. She alleged both sex discrimination and sexual harassment under Title VII, 42 U.S.C. § 2000e-2, and defamation per se under Nevada law. The defendants removed the case to the district court.
 
 
 4
 The district court dismissed the sex discrimination claim at the close of Crowe's presentation of evidence and allowed the jury to consider only two of the alleged instances of defamation. The jury found against Crowe on her sexual harassment claim but found in her favor on the claims of defamation per se against Wiltel and Kile. However, the district court granted judgment as a matter of law in favor of the defendants on the defamation claims, holding that Crowe had failed to prove the required element of publication under Nevada law.
 
 II. Plaintiff's Appeal
 
 5
 We review de novo the district court's grant of a motion for judgment as a matter of law. See Vollrath Co. v. Sammi Corp., 9 F.3d 1455, 1460 (9th Cir.1993), cert. denied, 511 U.S. 1142, 114 S.Ct. 2163, 128 L.Ed.2d 886 (1994). A judgment as a matter of law is proper when the evidence permits only one reasonable conclusion. See id. For the defendants to have been entitled to judgment as a matter of law in this case, there must have been "no legally sufficient evidentiary basis for a reasonable jury" to have found for Crowe on the issue of publication. Fed.R.Civ.P. 50(a). Under Nevada case law, there was no evidence of "publication."
 
 
 6
 First, Crowe contends that the district court erred in treating Wiltel's Federal Rule of Civil Procedure 41(b) motion as a Rule 50(a) motion. Yet we have already held that "the court may treat the [41(b) ] motion for dismissal as a motion for directed verdict under Rule 50(a)." Johnson v. Chicago, Milwaukee, St. Paul & Pacific R.R. Co., 400 F.2d 968, 970 n. 1 (9th Cir.1968); see also Barry v. Fowler, 902 F.2d 770, 771 n. 2 (9th Cir.1990); Borunda v. Richmond, 885 F.2d 1384, 1390 n. 7 (9th Cir.1988). Crowe has waived any additional Rule 50(a) and 50(b) arguments. See Gibeau v. Nellis, 18 F.3d 107, 109 (2d Cir.1994).
 
 
 7
 Because Crowe's defamation per se claim was a state law claim in federal court under the doctrine of supplemental jurisdiction, the district court was required to follow Nevada law in determining whether to set aside the jury's verdict on defamation. See Erie R.R. v. Tompkins, 304 U.S. 64, 78, 58 S.Ct. 817, 822, 82 L.Ed. 1188 (1938). A defamatory statement is not actionable unless it has been published. See M & R Inv. Co. v. Mandarino, 103 Nev. 711, 748 P.2d 488, 491 (1987). At common law, publication is generally defined as "the communication of defamatory matter to a third person or persons." Jones v. Golden Spike Corp., 97 Nev. 24, 623 P.2d 970, 971 (1981) (internal quotation marks and citation omitted). Unlike the jurisdictions that follow the common law as summarized in the Restatement of Torts, Nevada case law holds that communications between agents, employees, or officers of a corporation are not "published" for the purposes of defamation. See id. (holding that "where the language complained of was communicated only by one corporate officer to another in the regular course of the corporation's business, such communication did not amount to a publication" (internal quotation marks and citation omitted)); M & R, 748 P.2d at 491 (holding that the defendant was entitled to judgment notwithstanding the verdict where the communications at issue were between two employees).[1] Crowe did not present any evidence that the statements about which she complains were communicated to anyone who was not a Wiltel employee. She therefore failed to prove the indispensable element of publication under Nevada law. The district court thus correctly granted judgment as a matter of law in favor of the defendants.
 
 
 8
 Crowe also raises several contentions concerning her Title VII sexual harassment claim. First, she argues that the district court erroneously instructed the jury on the "reasonable person" standard, rather than the "reasonable woman" standard. We review for abuse of discretion the district court's formulation of jury instructions. See Fikes v. Cleghorn, 47 F.3d 1011, 1013 (9th Cir.1995).
 
 
 9
 The district court offered the following instruction: "This is an objective standard, and you must look at the evidence from the perspective of a reasonable person's reaction to a similar environment under similar circumstances with the same fundamental characteristics as plaintiff." The court based this instruction on Fuller v. City of Oakland, 47 F.3d 1522, 1527 (9th Cir.1995), which held that "[w]hether the workplace is objectively hostile must be determined from the perspective of a reasonable person with the same fundamental characteristics." Crowe argues that the trial court should have issued a "reasonable woman" instruction based on this court's decision in Ellison v. Brady, 924 F.2d 872, 879 (9th Cir.1991). However, the district court quoted Fuller, which was decided after the Supreme Court's ruling in Harris v. Forklift Systems, 510 U.S. 17, 22, 114 S.Ct. 367, 370-71, 126 L.Ed.2d 295 (1993), and incorporated both the Supreme Court's formulation of the standard and that of Ellison. See Fuller, 47 F.3d at 1527. Since the district court quoted from Fuller verbatim, it did not abuse its discretion in giving this jury instruction.
 
 
 10
 Crowe next contends that the district court erroneously excluded evidence of sexual orientation and race discrimination. We review for abuse of discretion the court's evidentiary rulings, and we do not reverse the rulings absent some prejudice. See Masson v. New Yorker Magazine, Inc., 85 F.3d 1394, 1399 (9th Cir.1996). Crowe alleged that the defendants discriminated against her based on her gender. Since evidence of sexual orientation and race discrimination did not relate directly to any issue at trial, the district court did not abuse its discretion in excluding this evidence.
 
 
 11
 Finally, Crowe maintains that the district court deprived her of her state and federal constitutional rights by not properly instructing the jury on the "reasonable woman" standard. Since we have already concluded that the district court did not abuse its discretion in issuing the "reasonable person" instruction of Fuller, this claim has no merit.
 
 III. Defendant's Cross-Appeal
 
 12
 We review for abuse of discretion the district court's denial of fees and costs. See Harris v. Marhoefer, 24 F.3d 16, 18 (9th Cir.1994). Title VII permits courts to award the prevailing party in an employment discrimination case a reasonable attorney's fee as part of an award of costs. See 42 U.S.C. § 2000e-5(k). In addition, the Supreme Court has held that "a district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978). The district court concluded that Crowe's various claims were so interrelated that fees could not practicably be attributed to the Title VII claims alone. The court further decided that her claims were not so frivolous or unreasonable as to meet the Christiansburg standard. The district court was well within its discretion in concluding that Wiltel and Malone were not entitled to fees and costs. The court properly took into account the impracticality of assessing costs and the fact that the plaintiff's claims were neither frivolous nor unfounded in evidence.
 
 
 13
 Pending this appeal, the district court stayed motions for costs and attorney's fees made by defendants Wiltel, Malone, and Kile after issuance of the judgment as a matter of law in their favor on the defamation claims. As the district court has not yet ruled on these motions, it would be premature for us to discuss them. We therefore remand for an assessment of costs and fees, if any, in the discretion of the district court.
 
 
 14
 The judgment appealed from is AFFIRMED. Defendants' motions for fees and costs for the defamation claims are REMANDED to the district court for decision.
 
 GOODWIN, Circuit Judge (specially concurring):
 
 15
 Under the compulsion of Erie R.R. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), and what appears to be Nevada case law, I concur.
 
 
 16
 The critical fact in the defamation cause of action was that at least one witness testified that a defendant, in the presence of at least three other members of a sales force, gave as a reason for the plaintiff's success as a sales person: "Well, you could sell like that if you had tits and could give a blow job as good as she could."
 
 
 17
 This, and similar language used on other occasions by two defendants with reference to the plaintiff, in the work place, was found by the jury to have been uttered, and heard by fellow workers. The jury, not surprisingly, found that the plaintiff was defamed. The defendants moved for judgment as a matter of law on the ground that the Nevada cases have established a rule that in-house libel and slander communicated by one employee to another employee about a third employee is not "published."
 
 
 18
 The language which appears to be the fount of this knowledge is as follows: ".... This rule of law as to defamatory communications between officers, agents and employees of a corporation is hereby adopted as the law of the State of Nevada." Jones v. Golden Spike Corp., 97 Nev. 24, 623 P.2d 970, 971 (1981).
 
 
 19
 "This rule," referred to above, was lifted from a Fifth Circuit case saying, inter alia: "This court has held that where the language complained of was communicated only by one corporate officer to another in the regular course of the corporation's business, such communication did not amount to a publication which would support an action for libel." Mims v. Metropolitan Life Ins. Co., 200 F.2d 800, 802 (5th Cir.1952).
 
 
 20
 Whatever one may think of the Nevada Supreme Court's selection of language from a federal case, expanding it generously to cover entire work environments, and then enacting it as the law of the State of Nevada, it is not for this court to refuse to apply the substantive law of Nevada in a diversity tort case. The state court, in 1987, had an opportunity to review the matter and chose to follow its earlier case. A Nevada jury had found defamation when a casino customer, suspected of being a card counter, was pursued through one casino and into the doorway of another by security personnel who classified him as a "thief" and a "trespasser." The court held that there was no publication, because there was no proof that anyone other than a fellow employee heard the derogatory remarks about the customer, who was not an employee. See M & R Inv. Co. v. Mandarino, 103 Nev. 711, 748 P.2d 488, 491 (1987).
 
 
 21
 In the diversity case presently before us, the appellant has argued that the damage to one's reputation from defamation in a work place with many workers can be worse than having the same defamation published in a newspaper. As a matter of common sense, her argument is difficult to refute, but it must be made to the Nevada courts or legislative assembly; we are bystanders in the law making function of the several states.
 
 
 22
 I concur, but not happily.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 [1]
 The plaintiff misunderstands the anatomy of a defamation claim when she relies on cases concerning qualified and conditional privilege. See Jesinger v. Nevada Fed. Credit Union, 24 F.3d 1127 (9th Cir.1994); Chowdhry v. NLVH, Inc., 109 Nev. 478, 851 P.2d 459 (1993). As the district court properly explained, " '[P]ublication' is an element of defamation, whereas 'privilege' is a defense." District Court Order, Crowe v. Wiltel Communications Sys., D.C. No. CV-93-1095-LDG(RHL), at 6 n.2 (June 7, 1995)