MILLER

v.

OHIO REHABILITATION SERVICES COMMISSION.

Court of Claims of Ohio.

No. 95–08926.

Decided June 20, 1997.

*Donald J. McTigue,* for plaintiff.

*Betty D. Montgomery,* Attorney General, and *Michael J. Valentine,* Assistant Attorney General, for defendant.

RUSSELL LEACH, Judge.

In his complaint, plaintiff, Ronald J. Miller, alleges that defendant, Ohio Rehabilitation Services Commission ("ORSC"), engaged in defamatory, harassing, and retaliatory actions against him. Additionally, plaintiff alleges willful and wanton misconduct by Robert C. Rabe, William Casto, and Karen Whalen.

On January 16, 1997, this action came before the court for trial. The findings and conclusions herein are derived from the documents and pleadings in the case file, evidence at trial, and the presentations by both parties.

From 1992 until August 1994, plaintiff was the program manager of the Business Enterprise Program at ORSC. On November 10, 1993, Karen Whalen had a meeting with Administrator Robert Rabe alleging misconduct by plaintiff. At the meeting, Administrator Rabe was informed that plaintiff had been encouraging the Ohio Blind Vendors to file a lawsuit regarding the Minority Business Enterprise policy for the program. Additionally, Rabe was informed of plaintiff's lack of punctuality regarding annual reports. After the meeting, Rabe informed Director William Casto of the allegations. As a result, Director Casto ordered an investigation of the allegations against plaintiff.

The investigation proceeded from November 1993 until July 1994. Plaintiff was placed on administrative leave from January 27, through August 1, 1994.

Upon his return to ORSC, plaintiff was no longer working in the capacity of program manager of the Business Enterprise Program. Instead, plaintiff was given the position of administrative assistant. This position was at the same pay rate as his previous position. Additionally, the administrative assistant position was at the same seniority level as plaintiff's previous position.

Plaintiff's claim is construed to set forth four issues before the court. The first, second, and third issues are whether the actions taken against plaintiff were defamatory, harassing, and retaliatory. The fourth issue is whether Robert Rabe, William Casto, and Karen Whalen are entitled to personal immunity pursuant to R.C. 2743.02(F) and 9.86.

The first issue before the court is whether plaintiff was subject to defamation. To bring an action for defamation, a plaintiff must file within the required statute of limitations.

R.C. 2743.16(A) states, in pertinent part:

"[C]ivil actions against the state permitted by sections 2743.01 to 2743.20 of the Revised Code shall be commenced no later than two years after the date of accrual of the cause of action or within any shorter period that is applicable to similar suits between private parties."

R.C. 2305.11(A) states, in pertinent part: "An action for libel, slander * * * shall be commenced within one year after the cause of action accrued." Therefore, to maintain a claim for defamation, a plaintiff must file the complaint within one year after the accrual of the cause of action in question.

For defamation as a result of slander, the statute of limitations begins to run from the time the words were spoken, whether the plaintiff had knowledge of the fact or not. *Lyons v. Farmers Ins. Group of Cos.* (1990), 67 Ohio App.3d 448, 587 N.E.2d 362. For defamation as a result of libel, a cause of action accrues upon the first publication of the defamatory matter. *Reimund v. Brown* (Nov. 2, 1995), Franklin App. No. 95APE04–487, unreported, 1995 WL 643939; *Guccione v. Hustler Magazine* (1978), 64 Ohio Misc. 59, 60, 413 N.E.2d 860, 861. The court finds that the last verbal communication alleged to be defamatory was given on March 13, 1994. Therefore, plaintiff was required to file his complaint by March 13, 1995. Additionally, the last written communication alleged to be defamatory was published on February 15, 1994. Thus, the statute of limitations expired on February 15, 1995. Since plaintiff filed his complaint on August 18, 1995, the statute of limitations for defamation resulting from alleged slander and libel had expired.

Plaintiff argues that the discovery rule tolled the running of the statute of limitations. However, the court finds that if the discovery rule were applied, the statute of limitations would still have expired. The court finds that July 31, 1994,

is the latest that plaintiff would have learned about the alleged defamatory remarks. Therefore, assuming that the discovery rule applied, the statute of limitations would have expired on July 31, 1995. As previously noted, plaintiff filed his defamation claim on August 18, 1995. Therefore, plaintiff's claim is barred by the statute of limitations, regardless of the application of the discovery rule.

 Even if the action had been timely filed, plaintiff failed to prove his defamation claim by a preponderance of the evidence. To establish a claim for defamation, plaintiff must prove by a preponderance of the evidence that a false publication caused injury to his reputation, or exposed him to public hatred, contempt, ridicule, shame, or disgrace, or affected him adversely in his trade or business. *Ashcroft v. Mt. Sinai Med. Ctr.* (1990), 68 Ohio App.3d 359, 365, 588 N.E.2d 280, 283–284. The court finds that plaintiff failed to prove by a preponderance of the evidence that the remarks in question were defamatory. More specifically, plaintiff failed to prove that the communications were untrue. Additionally, plaintiff failed to provide sufficient evidence that he had been subject to ridicule, shame, disgrace, or an adverse effect upon his trade or business. Therefore, the court finds that the verbal and written statements in question were not defamatory.

Even if the court had found the communications to be defamatory, they would be protected by qualified privilege. According to *McKenna v. Mansfield Leland Hotel Co.* (1936), 55 Ohio App. 163, 167, 8 O.O. 463, 465, 9 N.E.2d 166, 168–169, qualified privilege is explained as follows:

"A publication is conditionally or qualifiedly privileged where circumstances exist, or are reasonably believed by the defendant to exist, which cast on him the duty of making a communication to a certain other person to whom he makes such communication in the performance of such duty, or where the person is so situated that it becomes right in the interests of society that he should tell third persons certain facts, which he in good faith proceeds to do. 17 Ruling Case Law, 341.

"The preponderance of authority supports the view that communications between an employer and an employee, or between two employees, concerning the conduct of a third employee or former employer, are qualifiedly privileged, and thus, even though such a communication contain matter defamatory to such other or former employee, he cannot recover in the absence of sufficient proof of actual malice to overcome the privilege of the occasion."

 In accordance with this precedent, even where the communication is found to be defamatory, it may be protected by a qualified privilege unless there is sufficient proof of actual malice. The court finds that each communication was

well within the interests of the employer. Therefore, each communication is covered under qualified privilege since Whalen, Rabe and Casto were under a duty to inform of plaintiff's misconduct. Since the communication was protected by qualified privilege, plaintiff had the burden of proof to show actual malice. The court finds that plaintiff failed to prove actual malice by a preponderance of the evidence. Therefore, if the communications were found to be defamatory, they would be protected by qualified privilege since plaintiff failed to prove actual malice by a preponderance of the evidence.

The second issue before the court is whether plaintiff was subject to harassment as a result of alleged adverse employment action. The court finds that plaintiff has failed to prove his claim for harassment by a preponderance of the evidence. More specifically, the court finds that plaintiff's allegations do not give rise to a claim of harassment since the employment actions taken against him were not adverse.

The third issue before the court is whether plaintiff was subject to retaliation. To support a claim of retaliatory action, plaintiff must establish that (1) he engaged in a protected activity; (2) he was the subject of an adverse employment action; and (3) a causal link existed between the protected activity and the adverse action. *Chandler v. Empire Chem., Inc., Midwest Rubber Custom Mixing Div.* (1994), 99 Ohio App.3d 396, 402, 650 N.E.2d 950, 954. The court finds that plaintiff failed to prove that he was engaged in a protected activity. Neither plaintiff's encouragement of a third party to sue the Minority Business Enterprise nor his procrastination in preparing annual reports was a protected activity. The employment action taken against plaintiff was not adverse. The court finds that the same reprimand would have been given to any other employee who had committed the same violations during employment. Repeated testimony revealed that the action taken against plaintiff was the standard reprimand for this type of misconduct. Therefore, since plaintiff was not involved in a protected activity and was not subject to an adverse action, the court finds that the actions taken against plaintiff were not retaliatory in nature.

The final issue before the court is to determine whether Karen Whalen, Robert Rabe and William Casto are entitled to personal immunity pursuant to R.C. 2743.02(F) and 9.86.

R.C. 2743.02(F) reads, in part:

"A civil action against an officer or employee, as defined in section 109.36 of the Revised Code, that alleges that the officer's or employee's conduct was manifestly outside the scope of his employment or official responsibilities, or that the officer, or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner shall first be filed against the state in the court of claims, which has

exclusive, original jurisdiction to determine initially, whether the officer or employee is entitled to personal immunity under section 9.86 of the Revised Code and whether the courts of common pleas have jurisdiction over the civil action. * * * ”

R.C. 9.86 states, in part:

“[N]o officer or employee [of the state] shall be liable in any civil action that arises under the law of this state for damages or injury caused in the performance of his duties, unless the officer's or employee's actions were manifestly outside the scope of his employment or official responsibilities or unless the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner. * * * ” (Emphasis added.)

In a recent case, *Thomson v. Univ. of Cincinnati College of Medicine* (Oct. 17, 1996), Franklin App. No. 96API02260, unreported, 1996 WL 598534, at 10–11, the court noted:

“Under R.C. 9.86, an employee who acts in the performance of his duties is immune from liability. However, if the state employee acts manifestly outside the scope of his or her employment or acts with malicious purpose, in bad faith, or in a wanton or reckless manner, the employee will be liable in a court of general jurisdiction. 'It is only where the acts of state employees are motivated by actual malice or other such reasons giving rise to punitive damages that their conduct may be outside the scope of their state employment.' *James H. v. Dept. of Mental Health & Mental Retardation* (1980), 1 Ohio App.3d 60, 61 [1 OBR 6, 8, 439 N.E.2d 437, 439]. Even if an employee acts wrongfully, it does not automatically take the act outside the scope of the employee's employment even if the act is unnecessary, unjustified, excessive, or improper. *Thomas v. Ohio Dept. of Rehab. and Corr.* (1988), 48 Ohio App.3d 86 [548 N.E.2d 991]. The act must be so divergent that its very character severs the relationship of employer and employee. *Wiebold Studio, Inc. v. Old World Restorations, Inc.* (1985), 19 Ohio App.3d 246 [19 OBR 398, 484 N.E.2d 280].”

■ Based upon the totality of the evidence presented at trial, the court finds that Karen Whalen, Robert Rabe, and William Casto acted within the scope of their employment with ORSC at all times and during all interactions regarding plaintiff that are at issue in this case. The court further finds that Whalen, Rabe, and Casto did not act with malicious purpose, in bad faith, or in a wanton or reckless manner toward plaintiff. Consequently, Whalen, Rabe, and Casto are entitled to personal immunity pursuant to R.C. 9.86, and the courts of common pleas do not have jurisdiction over civil actions against them based upon their alleged actions and inactions in this case.

The court concludes that plaintiff has failed to prove his claims of defamation, harassment and retaliation by a preponderance of the evidence. Accordingly, judgment is rendered in favor of defendant.

*Judgment for defendant.*

RUSSELL LEACH, J., retired, of the Franklin County Municipal Court, sitting by assignment.